WILLIAM D. WHITELAW *v.* MEMPHIS & CHARLESTON RAILROAD COMPANY.

16L 391
f116 352

1. NEGLIGENCE. *Pleading. Injury to servant.* If in an action against a railroad company for an injury to the plaintiff's eyes by a fragment of steel struck off by him in working on an engine with a cold chisel, the declaration fails to aver any fact tending to show that he was not rightfully put at the particular work, or that the cutting of steel with a cold chisel was not such work as an employe of the plaintiff's age and experience might be employed at, the declaration would be fatally defective on demurrer.

2. MASTER AND SERVANT. *Duty to furnish suitable tools. Youth and inexperience of employe.* It is the duty of the master to furnish his employe with suitable tools for the performance of the duties to which he may be assigned, and to give such instructions to a youthful and inexperienced employe as would enable him, with the exercise of ordinary care, to perform the duties of his employment with safety to himself.

3. PLEADING. *Injury to servant.* A declaration, therefore, would be good on demurrer, which averred that the plaintiff, a youth of about nineteen years of age, had never in fact been employed in the particular work in the doing of which the injury sued for was incurred, and was ignorant of the proper tools to perform the work with safety, was not instructed by the defendant as to the danger of the work, nor furnished with suitable tools to do the work.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

GANTT & PATTERSON for Whitelaw.

HUMES & POSTON for Railroad Company.

COOPER, J., delivered the opinion of the court.

The circuit court sustained the demurrer to the plaintiff's declaration in this case, and the Referees recommend an affirmance of the judgment. The plaintiff excepts.

The action is brought to recover damages for a personal injury incurred by the plaintiff while in the defendant's service. The declaration contains two counts. The substance of the first count is, that the plaintiff, being a minor of tender years, entered the service of the defendant in the year 1876, in the county of Shelby, and in the year 1878, was placed in the machine shop of the defendant in said county, there to learn the business of a practical machinist; that after he had been two years in the employment of defendant in the machine shops, and had about half finished the term he was to serve in order to acquire a knowledge of the business, and being then not exceeding nineteen years of age, he was taken from the machine shop and put to work at the repairing of an engine in the defendant's round-house; that whilst at said work, a fragment of the steel upon which he was working with a cold chisel, in making said repairs, was cut or broken off, and struck him in one of his eyes with such force as to destroy the sight of that eye, and, as a consequence thereof, he afterward lost the sight of the other eye, etc.

The second count contains the same averments as the first count, with some additions. It avers that of the two years that had elapsed since the plaintiff's entrance into defendant's machine shops, he was at work two months on the drill press, three months on the boring mill, two months on the plane, and eight months as fireman on one of defendant's locomotives; that he had worked two months on the floor in repairing department, the only place that qualifies one for the round-house, and that he had worked in the round-house only twice prior to the accident complained of, and upon each of these occasions he was under the control and direction of a skilled mechanic, and the work not difficult; that he had never been engaged at work similar to that at which he was hurt, and was ignorant of the dangers incident thereto, or how to avoid them; that the work he was required to do was such as only skilled mechanics and masters of the trade could do with safety; that under the circumstances a mechanic of experience would not have attempted to cut off the steel piece, upon which the plaintiff was making said repairs, but would have driven it out with a pin punch or drift, as he has learned since the accident; that he was not aware at the time that said steel pin could be so driven out, defendant never having instructed him touching the same, and he having no experience that would give him said knowledge.

Both counts in the declaration contain averments that, "by the contract of employment," and by reason of the plaintiff's inexperience and youth, it was the duty

of the defendant to place plaintiff in no work involving great hazard, no such hazard being incident to such employment in said machine shop, and to instruct him in the use of the tools employed in the trade, and in the manner of executing all work pertaining to the trade, so as to guard him against injury from inexperience in the use of the tools, and in the performance of his duties in the pursuit of his trade. But the declaration does not set out the "contract of employment," or any of its terms, so that the court can see what duties were thereby imposed on the company. There is, moreover, no such statement of the character of the work in the machine shops as to enable the court to judge of the comparative danger of other work. And there is nothing in the declaration to show that the company did not have the right to put the plaintiff to any kind of work suitable to his capacity. The averments of the declaration, which only amount to opinions, assumptions or inferences, and which are not warranted by the facts averred, are not admitted by the demurrer. Our judgment must be confined to the facts stated.

Upon the assumption that the company had the right to put the plaintiff to work in the round-house, the first count of the declaration then is, that he was put to work at the repairing of an engine, and whilst at said work, a fragment of steel, upon which he was working with a cold chisel, in making such repairs, was cut or broken off, and struck his eye with such force as to destroy it. The declaration does not show that the plaintiff was injured by any ma-

chinery in the round-house more dangerous than any machinery in the machine shop, and of the danger of which he needed to be advised. It does not aver that the cutting of steel with a cold chisel was not done in the machine shop, or that the plaintiff had never before been employed to cut steel with a cold chisel. It fails to state the character of the repairs which the plaintiff was required to do. It merely says that he was put to work at the repairing of an engine, and whilst at said work a fragment of the steel upon which he was working with a cold chisel, in making said repairs, was cut or broken off, and struck him in the eye. But if the plaintiff was rightfully put to work in the round-house, and there is no fact averred that tends to show the contrary, and if the cutting of steel with a cold chisel is such work as an employe of the plaintiff's age and experience may be usually put at, and there is no specific averment to the contrary, then the accident in question was one of the risks of the employment, due either to unavoidable casualty or to the plaintiff's own want of care, which risks the plaintiff undertook to run in entering into the service of the company: *Railroad Company* v. *Elliott*, 1 Cold., 611. The fact that the employe is a minor does not change the rule, unless there is something in the contract of employment, or the character of the particular work, to impose upon the employer an additional duty.

Some stress is laid upon the averments of the declaration that the work was to be done with great dispatch, and that the repairing of engines is a work

that apprentices are not usually placed at without being under a journeyman or skilled mechanic. But an instruction to do work, not in itself hazardous, with dispatch, does not, of course, authorize the employe to dispense with the care necessary to his safety. And, although the repairing of engines may ordinarily require skilled labor, it does not appear that the repairs in this case were of such a character.

The second count in the declaration states the accident precisely as in the first count, and adds facts which plainly show that the plaintiff recognized the right of the company to put him to work in the round-house, at any rate under such circumstances, and at such work as his age and experience might justify. The only material differences of the two counts consist in the averments touching his knowledge of the particular work. These averments are: "That he had never been engaged at work similar to that at which he was hurt, and was ignorant of the dangers incident thereto, or how to avoid them; that the work he was required to do was only such as skilled mechanics and masters of the trade could do with safety; that, under the circumstances, a mechanic of experience would not have attempted to cut off the steel piece, upon which the plaintiff was making said repairs, but would have driven it out with a pin punch or drift, as he has learned since the accident; that he was not aware at the time that said steel pin could be so driven out, defendant never having instructed him touching the same, and he having no experience that would give him said knowledge."

Whitelaw *v.* Railroad Company.

It is the duty of the master to furnish his employe with suitable tools for the performance of the duties to which he may be assigned: *Guthrie* v. *Railroad Company,* 11 Lea, 372. It is also the duty of the master to give such warning, advice and instructions to a youthful and inexperienced employe as will enable him, by the exercise of reasonable care, to perform the duties of the employment with safety to himself, or, in other words, to put him in the same condition with reference to the dangers of the employment as would be an experienced servant: Thomps. on Neg., 978. If, therefore, the plaintiff had never in fact been employed in the particular work specified in the declaration, and was ignorant of the proper tools to perform it with safety, and the work was such as only a skilled mechanic could perform without risk, it was the duty of the railroad company to see that he was properly instructed as to the danger of the work, and to furnish him with suitable tools to do the work as an experienced mechanic would do it. The real difficulty in this case, which no doubt influenced the rulings of the circuit court and the Referees, is that this part of the declaration seems to be an after thought, somewhat difficult to reconcile with the work to which the plaintiff was put, and the accident as described. These are averments of fact, however, admitted by the demurrer, which may show a failure of duty on the part of the defendant, and that the accident might have been avoided, either by furnishing the plaintiff with the proper tools, or giving him proper instructions.

Railroad Company v. Etheridge.

The first count of the declaration is fatally defective, but the second is not. The judgment of the circuit court will be modified accordingly, and the cause remanded for further proceedings.